IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Sherry Ezell Bazar | ) | |
| | ) | Civil Action No. 9:14-537-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Sherry Ezell Bazar ("Bazar"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending the court to affirm the Commissioner's decision. (ECF No. 18).[1] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Bazar has filed objections to the Report (ECF No. 19), and the Commissioner has responded to those objections (ECF No. 22). Accordingly, this matter is now ripe for review.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## BACKGROUND

Bazar applied for DIB and SSI on August 27, 2012, alleging disability beginning on November 25, 2011. Bazar's application was denied initially and on reconsideration. On August 20, 2013, an Administrative Law Judge ("ALJ") heard testimony from Bazar, her daughter, and a vocational expert. On October 11, 2013, the ALJ issued a decision denying Bazar's claim.

In his decision, the ALJ found that Bazar suffered from the following severe impairments: migraine headaches, depression, and anxiety. (ECF No. 18 at 3). The ALJ found that, despite Bazar's limitations, jobs existed in significant numbers in the national economy that she could perform. (ECF. No. 33 at 2-3). Bazar sought review of her case by the Appeals Council, and the Appeals Council denied Bazar's request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

Bazar objects to portions of the ALJ's RFC assessment and credibility findings.  (ECF No. 19).  Specifically, Bazar asserts that (1) the ALJ's RFC analysis is unsupported by substantial evidence; (2) the ALJ impermissibly considered Bazar's inability to afford treatment; and (3) the ALJ improperly discounted the testimony by Bazar's daughter.  (ECF No. 19).

Bazar's first objection is that the ALJ's RFC assessment is unsupported by substantial evidence.  However, a review of the ALJ's decision shows that he considered the medical and lay opinions to develop the RFC analysis.  The court finds that the Report thoroughly establishes that the RFC analysis is supported by substantial evidence.  Bazar also claims that the ALJ cherry-picked the record to establish the RFC analysis.  The court disagrees, and finds that the ALJ assigned greater limitations than those opined by the medical professionals.  For instance, the ALJ expressly gave little weight to unfavorable opinions of the medical consultants of the Disability Determination Service.  (ECF No. 11-2 at 24).  Those medical consultants reviewed the medical evidence and determined that the claimant did not suffer from any severe physical or mental impairment.  (ECF No. 11-2 at 24).  Accordingly, the court is not persuaded by this objection.

Bazar asserts that the ALJ improperly interpreted her failure to seek medical treatment as a reason to discount her credibility.  (ECF No. 19 at 9-10).  While Bazaer states that the ALJ's failure in this regard was error, she does not offer any evidence as to how that error may have harmed her.  *See Mickles v. Shalala,* 29 F.3d 918, 921 (4th Cir. 1994) (finding that a harmless error is one where the ALJ would have reached the same result, notwithstanding the error).  As thoroughly discussed by the magistrate judge, Bazar's failure to seek further medical treatment was one factor the ALJ considered, but not the only factor or even the deciding factor.  Thus, the court finds this objection unpersuasive.

Last, Bazar objects to the Report's characterization that her daughter's testimony was inconsistent with her presentation of daily routine.  Bazar does not specifically indicate how this was error, rather she just generally states that her daughter's testimony was perfectly consistent with her representations.  *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (stating that the court need not conduct de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations").  Because Bazar does not specifically indicate how the magistrate judge or the ALJ erred with regard to her daughter's testimony, the court need not address it de novo, and the court finds no clear error.  In any event, even if the court did address it de novo, the court finds that the ALJ's credibility determination is supported by substantial evidence.

## CONCLUSION

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Bazar's impairments, arguments, and functional capacity.  Likewise, the magistrate judge considered each of Bazar's arguments and properly addressed each in turn, finding them without merit.

4

Having conducted the required de novo review of the issues to which Bazar has objected, the court finds no basis for disturbing the Report. Accordingly, the court adopts the Report and its recommended disposition. Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

  **IT IS SO ORDERED.**

s/Timothy M. Cain    
United States District Judge

Anderson, South Carolina
March 19, 2015